# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-904V
Filed: April 28, 2023

| | | |
|---|---|---|
| JACQUELYN M. WILL, | * | UNPUBLISHED |
| Petitioner, | * | |
| v. | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Edward M. Kraus,* Kraus Law Group, LLC, Chicago, IL, for petitioner.
*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On July 5, 2017, Jacquelyn Will ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered a shoulder injury related to vaccine administration after receiving a hepatitis B vaccination on July 7, 2014. *See* Petition (ECF No. 1). On June 1, 2022, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 91).

On October 27, 2022, petitioner filed an application for final attorneys' fees and costs. (ECF No. 97) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $47,038.36, representing $8,593.00 in attorneys' fees to petitioner's current counsel,

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$29,190.00 in attorneys' fees to petitioner's former counsel, $30.77 in costs to petitioner's current counsel, and $9,224.59 in costs to petitioner's former counsel. Fees App. at 1. Pursuant to General Order No. 9, petitioner states she has not personally incurred any costs associated with the prosecution of his petition. *Id.* Respondent responded to the motion on October 28, 2022, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2 (ECF No. 98). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

**A.    Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees

to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Edward Kraus, $458.00 per hour for work performed in 2021 and $472.00 per hour for work performed in 2022; for Ms. Amy Kraus, $384.00 per hour for work performed in 2021; and for former counsel, Mr. Peter Young and Ms. Kristin Cafferty, $300.00 per hour for all work performed in this case, from 2017 to 2021. These hourly rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

**B.   Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–

---

[3] The 2015-2020 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review, the undersigned finds that the hours billed by petitioner's current counsel, Mr. Kraus and his colleagues, are reasonable. However, the hours billed by her former counsel, Ms. Cafferty, require a reduction for two reasons. First, Ms. Cafferty billed 4 hours of travel at her standard hourly rate. Fees App. at 28. In the Vaccine Program, special masters have traditionally compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533C, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011).

Second, Ms. Cafferty billed 5.5 hours on communication with Patricia Sandoz, an attorney specializing in workers compensation retained by petitioner. It is unclear why this communication was necessary to advance petitioner's Vaccine Program claim. During a status conference in this matter, petitioner advised that the determination of the workers compensation board on her claim was that she suffered a 15% permanent disability rather than the 30% disability determined by her treating physician. Petitioner advised that she was considering whether to pursue the remaining 15% with the worker's compensation court. Order at 1 (ECF No. 65). From the billing record entries submitted by both Ms. Cafferty and Ms. Sandoz, it appears that the nature of conversations between Ms. Caffery and Ms. Sandoz involved Ms. Cafferty providing information that would benefit Ms. Sandoz in the pursuit of the worker's compensation claim for the remaining 15% disability. Whether Ms. Sandoz pursued the claim is unknown and is of no import. Ms. Sandoz was not an attorney of record in the vaccine matter and did not perform any work related to the vaccine claim. Her communications with Ms. Cafferty, who was the attorney of record at the time for the vaccine claim, related to her pursuit of the worker's compensation claims. Had she pursued it and been successful she would have been paid in the worker's compensation matter. Although no affidavits were submitted to explain the costs associated with Ms. Sandoz one can only conclude that her time was submitted in the vaccine claim because she did not pursue the worker's compensation claim or she did pursue the worker's compensation claim and was unsuccessful. Moreover, worker's compensation benefits are considered a collateral source to recovery in the Vaccine Program for which the Vaccine Program enjoys a benefit.

Accordingly, the undersigned shall reduce the final award of fees payable to petitioners' former counsel by $2,250.00, representing 7.0 hours billed at Ms. Cafferty's rate of $300.00 per hour. Petitioner is therefore awarded final attorneys' fees of $35,533.00, representing $8,593.00 to her current counsel and $26,940.00 to her former counsel.

**C.     Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $9,255.36 in costs for acquiring medical records, the Court's filing fee, postage, and work performed by an economic expert, and work performed by Ms. Sandoz in communicating with Ms. Cafferty. The undersigned finds these costs reasonable with the exception of the $3,120.00 attributable to Ms. Sandoz's work. Fees App. at 68-70. Ms. Sandoz benefitted from her conversation with Ms. Cafferty about what a treater should contain in a report and that benefit will

4

be realized when she bills petitioner for any work performed in pursuit of a separate workers compensation claim. To reimburse Ms. Sandoz with funds marked for Vaccine Program cases would potentially lead to a double recovery for Ms. Sandoz. Accordingly, this cost shall not be reimbursed. Petitioner is therefore awarded final costs of $6,135.36, representing $30.77 to petitioner's current counsel and $6,104.59 to former counsel.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards the following:

1) **a lump sum of $8,623.77, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Mr. Edward M. Kraus; and**

2) **a lump sum of $33,044.59, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her former counsel, Ms. Kristin Cafferty.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).